UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN OLAGUES                                            CIVIL ACTION

VERSUS                                                    NO. 07-4486

LEON KOUSHARIAN, ET AL.                         SECTION: "K"(5)


## ORDER AND REASONS

Before the Court are the following motions: Motion to Dismiss and Motion for Sanctions by Defendant Joseph McMahon (Rec. Doc. 14); Motion to Dismiss by Defendants Leon Kousharian and Patricia Stafford (Rec. Doc. 19); Motion to Dismiss by Defendant Sergeant Christopher Pool (Rec. Doc. 22); Motion to Dismiss by Defendant Peggy Bennington (Rec. Doc. 27); and a Motion for Sanctions by Plaintiff John Olagues (Rec. Doc. 35). This matter was transferred from the Hon. Mary Ann Vial Lemmon (Section "S"), on January 17, 2008, because it is related to a prior case filed in this Court on December 4, 2003. See Order Transferring Case (Rec. Doc. 52). The prior case was styled *John Olagues v. Patricia Stafford, et al.*, Civil Action No. 03-3428. Final judgment was rendered in that case in *Olagues v. Stafford*, 316 F. Supp. 2d 393 (E.D. La. 2004). This Court has reviewed the complaint and relevant documents, and it finds that this matter is not only related to the 2003 case, but it is nearly *identical* to that case. The Plaintiff further appealed to the Fifth Circuit, which dismissed his appeal for want of prosecution. (Civ. Act. No. 03-3428, Rec. Doc. 86). Having reviewed the complaints, pleadings, memoranda and exhibits from both cases, the Court will grant the Defendants' motions to dismiss, and otherwise it will deny all motions for sanctions at this time.

I.     BACKGROUND

1

The instant matter arises out of an international child custody dispute.  Plaintiff John Olagues and Charlotte Jensen were previously married and have two minor daughters.  Prior to the pertinent divorce and Plaintiff's subsequent deportation, Olagues, Jensen and the children lived together in New Zealand.  Jensen, a Danish citizen, and the children, U.S. citizens, currently reside permanently in New Zealand.  Olagues is a citizen and a resident of Louisiana.

In July 2003 the children traveled to California so that Olagues could have "access" to the children pursuant to the terms of a 2002 New Zealand family court order.  On July 5, 2003, Olagues and the children left California, arriving in River Ridge, Louisiana five days later unbeknownst to Jensen and without her prior written permission.  On July 9, 2003, Jensen learned of the whereabouts of the children in Louisiana and initiated a course of action with the Marin County District Attorney's office in California to secure the return of the children to her custody.  Through a series of California and Louisiana court orders and actions by Louisiana law enforcement authorities, the children were removed from Olagues' custody on July 23, 2003 and transferred to the custody of Jensen in California.

Plaintiff seeks declaratory judgment against numerous Defendants regarding certain questions of fact and law involving the custody of Plaintiff Olagues' children and the circumstances of his arrest and the return of the children to their mother's custody.  Plaintiff has previously filed at least three federal lawsuits, two federal petitions for writs of habeas corpus, and one Louisiana state court lawsuit, all of which complain that violations of Olagues' constitutional rights or tortious acts were committed by numerous Defendants domiciled in California, New Zealand, and Louisiana, including four of the five named here.  In each case, the court has rejected or dismissed Olagues' claims.

2

II.     **MOTIONS BY DEFENDANTS KOUSHARIAN, MCMAHON, POOL AND STAFFORD SHALL BE GRANTED BASED ON THE DOCTRINE OF RES JUDICATA**

Under the doctrine of res judicata, a "final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (quoting *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979)). This bar prevents litigation of all "issues that were or could have been raised in the [the previous] action." *Id.* (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981)). Res judicata applies when the following four-part test is satisfied: "(1) the parties must be either 'identical or in privity'; (2) the judgment in the prior action [must have been] rendered by a court of competent jurisdiction; (3) the prior action must have been concluded to a final judgment on the merits; and (4) the same claim or cause of action [must have been] involved in both actions." *Id.*

Whether two suits involve the same claim or cause of action is determined by applying the transactional test which considers whether the two cases are based on "the same nucleus of operative facts." *Id.* (citing *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)). Where two cases are based on the same nucleus of operative facts, "the prior judgment's preclusive effect extends to all rights the original plaintiff had 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Id.* (quoting *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004)). Finally, for res judicata purposes, privity only exists in one of three circumstances: "(1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to

the original suit." *Meza v. General Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990).  Privity

may exist if a party to the first suit's interests are so closely aligned with those of a non-party as

to be his "virtual representative." *Clifton v. Warnaco, Inc.*, 53 F.3d 1280, 1995 WL 295863, at

*7 (5th Cir. 1995) (unpublished opinion).  "Privity is a broad concept, however, and requires a

court to look at the surrounding circumstances to determine whether the application of res

judicata is justified." *Id.* (citing *Russell v. SunAmerica Sec. Inc.*, 962 F.2d 1169, 1173 (5th Cir.

1992)).

      Here, the doctrine of res judicata applies as to Defendants Kousharian, McMahon, Pool,

and Stafford because all four requirements of res judicata are satisfied.  First, the parties in both

suits are identical or in privity.  Kousharian, Pool and Stafford are identical parties in that they

were named parties in Plaintiff Olagues' first suit.  *See Olagues v. Stafford*, 316 F. Supp. 2d 393

(E.D. La. 2004).  McMahon, although not a named party in the first suit, is in privity with

Jefferson Parish Assistant District Attorney ("ADA") David Wolff, who was a named party in

the first suit, based on the circumstances surrounding these suits.  *See Clifton*, 1995 WL 295863,

at *7.

      In the first suit, Olagues sued Wolff personally and in his official capacity for his alleged

role in denying Olagues' his custody rights.  Complaint at 12 (Civ. A. No. 03-03428, Rec. Doc.

2).  Specifically, Olagues alleged that Wolff filed a motion for an ex parte order for temporary

custody and that he "did not investigate the law or the facts but assumed all of what Kousharian,

Patricia Stafford, and Christopher Pool told him was true."  Compl. at 11.  Likewise, in the

instant case, Olagues has sued McMahon for his alleged role in denying Olagues' his custody

rights while acting in his official capacity as an assistant district attorney for Jefferson Parish.

4

*See* Petition for Declaratory Judgment, at 3 (Rec. Doc. 1).  Again, Olagues alleged that McMahon "did no investigation of the facts" and approved "documents" that purportedly effectuated Olagues' arrest and the removal of the children from his home.  *Id.* at 5.  Like in his original suit, here Olagues is suing McMahon for his role in his official capacity as Assistant District Attorney for enforcing the California court's child custody which directed the children's removal and ultimately lead to his arrest.  Furthermore, Olagues has not alleged that McMahon acted outside the scope of his duties, but rather "fraudulently" followed the same orders, and acted upon the identical information received by ADA Wolff in the first suit.  Thus, ADA Wolff's actions and "interests" as an ADA for Jefferson Parish in the first case are so closely aligned with those of Jefferson Parish ADA McMahon as to be his "virtual representative." *Clifton*, 1995 WL 295863, at *7.  Based on these circumstances privity exists between the two individuals such that res judicata is justified here.  *See id.*

Next, the second and third parts of the test for res judicata are satisfied because the judgment in the prior action was rendered by a court of competent jurisdiction and the prior action was concluded in a final judgment on the merits.  *See Davenport*, 484 F.3d at 326.  This Court, in *Olagues v. Stafford*, 316 F. Supp. 2d 393, 401 (E.D. La. 2004), dismissed all claims against Defendants Kousharian, Pool, and Stafford for lack of personal jurisdiction.  This final judgment was one on the merits as "[i]t has long been the rule that principles of res judicata apply to jurisdictional determinations-both subject matter and personal." *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982).  Also, this Court dismissed with prejudice Olagues's suit as per ADA Wolff by granting his motion for summary judgment.  Judgment (Civ. A. No. 03-3428, Rec.

Doc. 72).

Finally, the fourth part of the test for res judicata is satisfied because the present case and Plaintiff Olagues' first case are based on "the same nucleus of operative facts. *See Davenport*, 484 F.3d at 326. Olagues' first suit was based on the facts and circumstances surrounding (1) the alleged "illegal seizure and abduction of [his children] without notice, hearing," or due process, and (2) his arrest and the return of the children to their mother's custody. Compliant at 2 (Civ. A. No. 03-3428, Rec. Doc. 2). In that suit, he claimed that all named defendants, either personally or pursuant to official state action were complicit in denying Olagues his rights of custody and due process. Olagues' present suit is based on the same set of facts – the alleged illegal abduction of his children from his custody – wherein he claims that the Defendants violated his constitutional and civil rights. *See* Petition (Rec. Doc. 1).

Therefore, since all requirements of the test are satisfied as to Defendants Kousharian, McMahon, Pool, and Stafford, their motions to dismiss shall be granted based on the doctrine of res judicata.

## III.   DEFENDANT BENNINGTON'S MOTION TO DISMISS SHOULD BE GRANTED BECAUSE THIS COURT LACKS PERSONAL JURISDICTION

Where personal jurisdiction is challenged, the plaintiff bears the burden of establishing the Court's personal jurisdiction over the defendant. *Wilson v. Belin,* 20 F.3d 644, 648 (5th Cir. 1994); *see also DeMelo v. Toche Marine, Inc.,* 711 F.2d 1260, 1270 (5th Cir. 1983); *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). As explained in *Thompson*: "The allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiffs for purposes

of determining whether a *prima facie* case for personal jurisdiction has been established." 755 F.2d at 1165 (citing *DeMelo,* 711 F.2d at 1270-71); *see also Asarco, Inc. v. Glenara, Ltd.,* 912 F.2d 784 (5th Cir.1990).  In making its determination, the court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of . . .  recognized methods of discovery." *Thompson*, 755 F.2d at 1165.

The exercise of personal jurisdiction involves a two-pronged inquiry.  A federal district court may exercise personal jurisdiction over a nonresident defendant if "(1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution." *Ruston Gas Turbines, Inc. v. Donaldson Company, Inc.,* 9 F.3d 415, 418 (5th Cir.1993); *see also Asarco, Inc. v. Glenara, Ltd.,* 912 F.2d 784, 786 (5th Cir.1990).  Because Louisiana's long-arm statute, La. Rev. Stat. § 13:3201, provides that a court "may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and the Constitution of the United States," this analysis merges into a single inquiry of whether exercising personal jurisdiction is consistent with due process.  *See Asarco*, 912 F.2d at 786; *see also* La. Rev. Stat. 13:3201(B).

"There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction."  *Johnston v. Multidata Sys. Int'l Corp.*, --- F.3d ----, 2008 WL 921479, at *5 (5th Cir. 2008), *quoting Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001).  As explained by the Fifth Circuit:

> The Due Process Clause of the Fourteenth Amendment prohibits the exercise of personal jurisdiction over a non-resident defendant unless the defendant has meaningful "contacts, ties, or relations" with the forum state. *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Jurisdiction may be

> general or specific. Where a defendant has "continuous and systematic general
> business contacts" with the forum state, *Helicopteros Nacionales de Colombia,
> S.A. v. Hall,* 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), the court
> may exercise "general" jurisdiction over any action brought against that
> defendant. *Id.* at 415 n.9, 104 S.Ct. 1868. Where contacts are less pervasive, the
> court may still exercise "specific" jurisdiction "in a suit arising out of or related to
> the defendant's contacts with the forum." *Id.* at 414 n.8, 104 S.Ct. 1868.

*Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 483-84 (5th Cir. 2008). The "continuous and

systematic contacts test is a difficult one to meet, requiring extensive contacts between a

defendant and a forum." *Johnston*, 2008 WL 921479, at *5 (quoting *Submersible Sys., Inc. v.

Perforadora Cent., S.A.,* 249 F.3d 413, 419 (5th Cir. 2001)). "[E]ven repeated contacts with

forum residents by a foreign defendant may not constitute the requisite substantial, continuous

and systematic contacts required for a finding of general jurisdiction . . . ." *Id.* (quoting *Revell v.

Lidov,* 317 F.3d 467, 471 (5th Cir. 2002)). "Random, fortuitous, or attenuated contacts are not

sufficient to establish jurisdiction." *Id.* (quoting *Moncrief Oil Int'l Inc. v. OAO Gazprom,* 481

F.3d 309, 312 (5th Cir. 2007) (citation omitted).

In *Nuovo Pignone, SpA v. Storman Asia M/V* set forth the following three-step test for

specific jurisdiction inquiry:

> (1) whether the defendant has minimum contacts with the forum state, i.e.,
> whether it purposely directed its activities toward the forum state or purposefully
> availed itself of the privileges of conducting activities there; (2) whether the
> plaintiff's cause of action arises out of or results from the defendant's forum-
> related contacts; and (3) whether the exercise of personal jurisdiction is fair and
> reasonable.

310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474,

105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985)). If the plaintiff successfully satisfies the first two

prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise

would be unfair or unreasonable. *Id.* at 382; *see Stroman Realty*, 513 F.3d at 484 (iterating

8

*Nuovo Pignone* formulation of specific jurisdiction factors).

This Court has neither general nor specific personal jurisdiction over Defendant Bennington because she has not purposefully established minimum contacts with Louisiana such that she may reasonably anticipate being haled into court here.  Bennington has no contacts with Louisiana either related or unrelated to the underlying litigation and Plaintiff Olagues does not allege any.  *See* Mot. to Dismiss, at 7 (Rec. Doc. 27-2); Opposition to Motion (Rec. Doc. 44). Bennington has no property in Louisiana, has never performed legal work in Louisiana, nor represented any Louisiana residents.  *Id.*  This Court finds that Plaintiff Olagues has failed to show "continuous and systematic" contacts with Louisiana and thus general personal jurisdiction is lacking as to Bennington.

Likewise, Plaintiff Olagues has failed to meet his burden of showing minimum contacts sufficient to justify specific personal jurisdiction over Defendant Bennington.  The activities that Plaintiff cites in his Petition only include Bennington's actions as they relate to the California courts after the children were returned to the custody of their mother.  *See* Petition at 3 (Rec. Doc. 1).  Likewise, Bennington asserts that she did not take any planned action to inject herself into this forum but that she only represented Charlotte Jensen in the custody dispute in California after the children were transferred back to California.  *See* Mot. to Dismiss at 6 (Rec. Doc. 27-2). These activities are merely the result of Plaintiff Olagues' unilateral action of taking the children from the court-ordered custodial venue in California to his home in Louisiana.  Bennington's actions pertaining to Louisiana rest on nothing more than the "fortuitous" or "attenuated" circumstance that Olagues happens to be a resident of Louisiana.  Furthermore, she contends that she made no calls to Louisiana, sent no letters to Louisiana, and never bound herself to a

9

Louisiana Court.  *Id.*  These actions do not constitute purposeful availment, nor do they provide

a basis upon which Bennington could have reasonably anticipated being haled into court.  *See*

*Stroman Realty*, 513 F.3d at 484 (finding Texas cannot exert personal jurisdiction over

nonresident Arizona official for her actions in enforcing Arizona statute).  As a final point, it

would certainly be unfair and unreasonable to hail a California official into Louisiana's courts

for actions that official took in California.  *See Steelman v. Carper*, 124 F. Supp. 2d 219, 224 (D.

Del. 2000) (holding that subjecting New Mexico officials to Delaware jurisdiction for one act of

complying with Delaware extradition order "could not be said to comport with 'traditional

notions of fair play and substantial justice.'").

     Because Bennington lacks "continuous and systematic" contacts with the forum

sufficient to merit general personal jurisdiction, as well as minimum contacts with Louisiana

adequate to confer specific jurisdiction, her motion to dismiss for lack of personal jurisdiction

will be granted.


## III.    MOTIONS FOR SANCTIONS

     Rule 11 of the Federal Rules of Civil Procedure provides that each party or their attorney

by affixing their signature to a pleading submitted to the Court represents as follows:

> (1) it is not being presented for any improper purpose, such as to harass, cause
> unnecessary delay, or needlessly increase the cost of litigation;

> (2) the claims, defenses, and other legal contentions are warranted by existing law
> or by a nonfrivolous argument for extending, modifying, or reversing existing law
> or for establishing new law;

> (3) the factual contentions have evidentiary support, or if specifically so
> identified, will likely have evidentiary support after a reasonable opportunity for
> further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if
specifically so identified, are reasonably based on belief or lack of information.

Fed. R. Civ. Pro. 11(b).  Rule 11 provides for the imposition of sanctions in cases where it is

determined that a party or their counsel has violated 11(b).  Fed. R. Civ. Pro. 11(c).  A party who

successfully opposes a motion for sanctions may be awarded attorney's fees.  Fed. R. Civ. Pro.

11(c)(1)(A).

Section 1988 of Title 42 of the United States Code "allows the district court, in its

discretion, to award a prevailing party reasonable attorney's fees."  *United States v. Mississippi*,

921 F.2d 604, 609 (5th Cir. 1991).  The statute provides:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982,
> 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the
> prevailing party, other than the United States, a reasonable attorney's fee as part
> of the costs, except that in any action brought against a judicial officer for an act
> or omission taken in such officer's judicial capacity such officer shall not be held
> liable for any costs, including attorney's fees, unless such action was clearly in
> excess of such officer's jurisdiction.

42 U.S.C. § 1988.  "While plaintiffs prevailing under 42 U.S.C. § 1988 are entitled to attorneys'

fees unless special circumstances would render an award unjust, prevailing defendants are

entitled to attorney fees *only* when a plaintiff's underlying claim is frivolous, unreasonable, or

groundless."  *Mississippi*, 921 F.2d at 609.

Plaintiff's motion for sanctions is denied because Olagues does not sufficiently allege

that attorneys Frosh and Mulkey violated any of the representations required pursuant to Rule

11(b).  Plaintiff Olagues claims that the motions to dismiss filed by Frosh (on behalf of

Defendant McMahon) and Mulkey (on behalf of Defendants Kousharian and Stafford) do not

meet the legal standards set forth in Rule 11(b).  Defendants' Motion for Sanctions at 2 (Rec.

11

Doc. 35) ("Mot. for Sanctions").  Specifically, Olagues contends that the attorneys, in their

motions, "twisted" facts to fit their arguments or introduced their version of the facts.  *Id.* at 11,

22.  The remainder of Olagues motion is akin to an opposition to Defendants' motions to dismiss

because it is solely a recitation of arguments and contentions as to why substantively

Defendants' motions should fail.  Plaintiff's motion is frivolous and duplicative in this sense as

he has already taken advantage of his opportunity to submit his opposition to Defendant's

motions, which is nearly identical in all respects to this motion for sanctions.  *See* Opposition

(Rec. Doc. 25).  After a review of all the pleadings, documents and exhibits in this case, this

Court finds that Defendants' motions to dismiss (which form the basis of this motion for

sanctions) were not presented for an improper purpose and that the factual contentions either

have evidentiary support or are warranted on the evidence.  Furthermore, this Court finds that the

motions' legal contentions are warranted by law, particularly considering this Court's granting of

the Defendant's motions to dismiss in this Order.  Therefore, this Court will deny Plaintiff

Olagues' Motion for Sanctions.

    Defendant McMahon's Motion for Sanctions, namely attorney's fees, will also be denied

at this time.  The Court notes that it most certainly could assess attorney's fees against the

Plaintiff for bringing this suit.  As stated above, attorney's fees under § 1988 are awarded to

prevailing defendants only where "a plaintiff's underlying claim is frivolous, unreasonable, or

groundless."  *Mississippi*, 921 F.2d at 609.  Plaintiff's Olagues' case indeed is frivolous, as it has

no basis in law whatsoever.  The Court finds that Plaintiff likely knew that this claim was

duplicative and frivolous because he was involved in the prior litigation himself.  However, the

Court will refrain from assessing any penalties against Plaintiff at this time.  Plaintiff is

admonished that this Court will summarily dismiss any further claims based on the same facts, and a hearing on sanctions will be promptly held to determine the penalties for such frivolous and duplicative litigation.

Accordingly,

**IT IS ORDERED** that Defendants' Motions to Dismiss (Rec. Docs. 19, 22, and 27) are **GRANTED**; and

**IT IS FURTHER ORDERED** that Defendant McMahon's Motion to Dismiss and Motion for Sanctions (Rec. Doc. 14) is **GRANTED IN PART AND DENIED IN PART**; and

**IT IS FURTHER ORDERED** that the all claims alleged herein by Plaintiff Olagues are hereby **DISMISSED WITH PREJUDICE**; and

**IT IS FURTHER ORDERED** that Plaintiff Olagues' Motion for Sanctions (Rec. Doc. 35) is **DENIED**.

New Orleans, Louisiana this ___27th___ day of May, 2008.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**

13